IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| La'Nisha Hemingway, | ) | Case No.: |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of North Myrtle Beach, DANA | ) | COMPLAINT |
| CROWELL, in her individual | ) | |
| capacity, MIKE PACILEO, in his | | (Jury Trial Requested) |
| individual capacity, and KAYLA | | |
| WALLACE, in her individual | | |
| capacity, | | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, La'Nisha Hemingway, by and through her undersigned counsel, complaining of the Defendants City of North Myrtle Beach, Chief Dana Crowell, Mike Pacileo, and Kayla Wallace, ("Defendants"), would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Introduction**

1.    All police departments should recognize and respect the value and sanctity of humans and treat all people with dignity and respect in every encounter.  Specifically, the City of North Myrtle Beach publishes that one of their values is to show *Respect* by "treating all persons with dignity and respect by promoting equality and fairness, in

1

upholding the Constitutional rights of all people.[1] Vesting officers with the lawful authority to use force to protect the public welfare requires a careful balancing of all human interests. Despite this duty, The City of North Myrtle Beach, its police department, and its officers showed no care and outright disregarded the interest of La'Nisha Hemingway, on the day of this encounter as will be further explained below.

**Plaintiff**

2.      That Plaintiff, La'Nisha Hemingway, (hereinafter "Plaintiff"), is and was a citizen and resident of the County of Horry, State of South Carolina at all times relevant herein.  Plaintiff was a senior at North Myrtle Beach High School attempting to enjoy her last days of high school before graduation at all times relevant herein.

**City of North Myrtle Beach**

3.      Defendant City of North Myrtle Beach is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended).

4.      At all times relevant herein, Defendant City of North Myrtle Beach operated and controlled the North Myrtle Beach Police Department, and acted and carried on their business by and through their agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

**Defendant Michael Pacileo**

5.      Upon information and belief, Defendant Michael Pacileo is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendant City of North Myrtle Beach and/or City of North Myrtle Beach Police Department at all times

---

[1] *See* City of North Myrtle Beach Police Department's Missions and Values, (last visited June 17, 2024) [https://www.nmb.us/192/Police]

relevant herein. Specifically, Defendant Michael Pacileo, at all times relevant herein, was employed by the City of North Myrtle Beach and/or City of City of North Myrtle Beach Police Department as a police officer. For purposes of this action, Defendant Michael Pacileo is being sued in his individual capacity under the color of state law. Furthermore, Defendant Michael Pacileo was well aware of Plaintiff's constitutional rights that he violated.

**Defendant Kayla Wallace**

6.      Upon information and belief, Defendant Kayla Wallace is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendant City of North Myrtle Beach and/or City of North Myrtle Beach Police Department at all times relevant herein. Specifically, Defendant Kayla Wallace, at all times relevant herein, was employed by the City of North Myrtle Beach and/or the City of North Myrtle Beach Police Department as a police officer. For purposes of this action, Defendant Kayla Wallace is being sued in her individual capacity under the color of state law. Furthermore, Defendant Michael Pacileo was well aware of Plaintiff's constitutional rights that he violated.

**Defendant Dana Crowell**

7.      Upon information and belief, Defendant Dana Crowell is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendants City of North Myrtle Beach and/or City of North Myrtle Beach Police Department at all times relevant herein. Specifically, at all times relevant herein, Defendant Dana Crowell was the duly appointed Chief of Police for the City of North Myrtle Beach Police Department. As such, she was the leader and commanding officer of Defendant Officer Michael

Pacileo and ultimately responsible for Defendant Michael Pacileo, and all of her subordinates, hiring, training, supervision, retention, and conduct. For purposes of this action, Defendant Dana Crowell is being sued in her individual capacity under the color of state law. Furthermore, Defendant Chief Dana Crowell was well aware of Plaintiff's constitutional rights that were violated.

## JURISDICTION AND VENUE

8.      This court has a federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because (i) the federal law claims arising under the constitution and statutes of the United States, and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

9.      Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

11.     That upon information and belief, and at all times relevant herein, Defendants Officers Mike Pacileo and Kayla Wallace were employees and servants of Defendant The City of North Myrtle Beach as police officers making them under the

4

direct control and supervision of Defendants The City of North Myrtle Beach and Defendant Chief Dana Crowell.

12.     At all times relevant herein, Defendants Mike Pacileo and Kayla Wallace used the resources and abused the power and authority of their office to use excessive force, and unlawfully arrest, restrain, and detain, Plaintiff in violation of her constitutional rights as a citizen, whom they took an oath to protect and serve, in contradiction of their duties and accountability to the public.

13.     That upon information and belief, and at all times relevant herein, Defendants Mike Pacileo and Kayla Wallace were on duty, in uniform, wearing a badge, utilizing their service weapons, and/or acting under the color of law in the course and scope of their employment.

14.     That upon information and belief, and at all times relevant herein, Defendants the City of North Myrtle Beach and Defendant Chief Dana Crowell had the ability to control or should have known they had the ability to control Defendants Mike Pacileo and Kayla Wallace, making them liable for their acts and conduct.

15.     That upon information and belief, and at all times herein, Defendants The City of North Myrtle Beach and Defendant Chief Dana Crowell knew or should have known of the necessity and opportunity to exercise control of Defendants Mike Pacileo and Kayla Wallace.

16.     That upon information and belief, Defendants The City of North Myrtle Beach and Defendant Chief Dana Crowell possessed actual and/or constructive knowledge of their Police Department/Officers' propensity to harm those they swore an oath to protect and serve, including Plaintiff, yet failed to take any reasonable actions in

addressing their Police Department/Officers' inclination to use excessive force, and unlawfully arrest, restrain, and detain citizens they swore an oath to protect and serve in violation of their constitutional rights, including those of Plaintiff, under the guise of the City of North Myrtle Beach Police Department.

17.     On or about May 3, 2024, Plaintiff was traveling in her vehicle near 4509 South Highway 17 in North Myrtle Beach en route to go to an event with some of her friends in celebration of their upcoming graduation from North Myrtle Beach High School.

18.     Importantly, the vehicle Plaintiff was driving was a DARK GRAY DODGE CHARGER with South Carolina license plate # VSW736.  Plaintiff was traveling at an appropriate speed and at approximately 7:00 pm in the daylight.

19.     At the same time, Defendants Officers Mike Pacileo and Kayla Wallace were on duty, in uniform, wearing a badge, carrying their service weapons, operating law enforcement vehicles, and/or acting under the color of law in the course and scope of their employment as Officers for the City of North Myrtle Beach Police Department.

20.     Upon information and belief, while Defendants Officers Mike Pacileo and Kayla Wallace were on duty, in uniform, wearing a badge, carrying their service weapons, operating law enforcement vehicles, and/or acting under the color of law in the course and scope of their employment as Officers for the City of North Myrtle Beach Police Department, they received a stolen vehicle notification through the City of North Myrtle Beach Police Department's License Plate Recognition ("LPR") technology that a SILVER DODGE CHALLENGER with the South Carolina License Plate # VLP678 was located on Barefoot Resort Bridge Road and headed into the city.

21.     Subsequently, Defendant Mike Pacileo while utilizing his blue lights and sirens negligently and recklessly pulled his duty vehicle in oncoming traffic in front of Plaintiff's vehicle, jumped out of his vehicle, drew and pointed his service weapon at Plaintiff while screaming and demanding orders that Plaintiff put her hands out the window.

22.     At approximately the same time, Defendant Kayla Wallace, while utilizing her blue lights and sirens on her duty vehicle, pulled Plaintiff's vehicle over from the rear, drew and pointed her service weapon at Plaintiff, and gave orders for Plaintiff to show her, her hands, face away from her, and walk backward to the sound of her voice with her service weapon pointed at Plaintiff. She additionally gave the order for her to drop to her knees put her hands behind her back and placed her under arrest. Notably, Defendant Kayla Wallace can audibly be heard on body camera footage acknowledging the vehicle she pulled over is not the vehicle she received an LPR notification about prior to drawing and pointing her service weapon at Plaintiff, demanding that she exit the vehicle, ordering her to drop to knees on the road, and placing her under arrest.

23.     In utter shock and fear for her life, Plaintiff complied with the officer's demands and asked if she could "call her mama."

24.     Subsequently, Defendant Kayla Wallace informed Plaintiff that she received a "hit" that her vehicle was stolen. In disbelief, Plaintiff asked the officers if they even checked her license plate number before pulling her over and again asked if she could call her "mama." Contemporaneously, Defendant Mike Pacileo unconstitutionally searched Plaintiff's vehicle without sufficient probable cause or a warrant to do so.

25.    Although Defendant Kayla Wallace knew the vehicle Plaintiff was operating was not the car she was looking for, she eventually uncuffed Plaintiff only after another officer additionally said that the vehicle was "not it" as well despite already knowing this. After being uncuffed, Plaintiff returned to her vehicle to leave the scene in shock, disbelief, traumatized, angry, and emotionally disturbed by what transpired.

26.    At all times relevant herein none of the arresting officers gave Plaintiff an incident, asked her for her name, license, or registration, or showed any interest in who she was as a person.  She was not allowed to call her mother as she requested nor than any of the officers attempt to make contact with her mother.  Furthermore, the officers did not complete a Public Contact Report as required by § 56-5-6560[2] and never documented the incident until the Plaintiff's family members contacted North Myrtle Beach's police department to get more information about the incident.

27.    That at all times relevant herein, Plaintiff was worried and fearful for her life as a result of Defendants Mike Pacileo and Kayla Wallace's actions.

28.    That Plaintiff is informed and believes that Defendant Mike Pacileo and Kayla Wallace used the resources and abused the power and authority of their office to

---

[2] The Public Contact reports are derived from data that is collected from state, county, and local law enforcement agencies per the requirements of Section 56-5-6560 of the South Carolina Code of Laws which states in section (A) that any time a motor vehicle is stopped by a state or local law enforcement officer without a citation being issued or an arrest being made, the officer who initiated the stop must complete a data collection form designed by the Department of Public Safety that must include information regarding the age, gender, and race or ethnicity of the driver of the vehicle. This information may be gathered and transmitted electronically under the supervision of the department which shall develop and maintain a database storing the information collected. The department must promulgate rules and regulations with regard to the collection and submission of the information gathered.

violate her constitutional rights, a citizen, to whom which they took an oath to protect and serve, in direct contradiction of their duties and accountability to the public.

29.    Further, Plaintiff is informed and believes that Defendants failed to comply with their Public Contact Report as required by § 56-5-6560 in an attempt to escape their required accountability to the public for their actions in violating her constitutional rights.

30.    That the City of North Myrtle Beach, North Myrtle Beach Police Department, and Chief Dana Crowell was under a duty to prevent Defendants Mike Pacielo and Kayla Wallace from harming Plaintiff, and/or conducting themselves in a manner that created an unreasonable risk of harm to citizens, including Plaintiff.

31.    Notwithstanding information that was known or should have been known by Defendants City of North Myrtle Beach, North Myrtle Beach Police Department and Chief Dana Crowell, Defendants City of North Myrtle Beach, North Myrtle Beach Police Department and Chief Dana Crowell, failed to appropriately discipline, correct, or train Defendants Mike Pacileo and Kayla Wallace in response to their unconstitutional actions, and took no reasonable measure to ensure the safety, security, and constitutional rights of the citizens' Defendants Mike Pacileo and Kayla Wallace were charged to protect and serve, including Plaintiff, and failed to properly monitor and supervise Defendants Mike Pacileo and Kayla Wallace.

32.    That as a direct and proximate result of Defendants' actions and/or inactions, including Defendants Mike Pacileo and Kayla Wallace's actions in stopping Plaintiff's vehicle, drawing and pointing their service weapons at her, demanding that she walk backwards to the sound of their voices with weapons drawn, ordering Plaintiff to

her knees, placing her under arrest, and searching her vehicle without probable cause and justification, Plaintiff suffered that included but are not limited to: violation of her constitutional right under the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures and use of excessive force, violation of her constitutional right under the Fourteenth Amendment to the United States Constitution to the possession and control of her own person and right to be free from any violations of her liberty interest, great and permanent mental harm and injury, emotional distress, anguish, distress, psychological trauma, apprehension, anxiety, depression, embarrassment, fear, shame, humiliation, loss of wages, loss of earning capacity, and a loss of enjoyment of life, which has and will in the future cause her to spend money for mental health treatment services.

**FOR A FIRST CAUSE OF ACTION**
**AS TO THE CITY OF NORTH MYRTLE BEACH**
**Negligence/Gross Negligence and/or Recklessness**

33.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

34.    That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

35.    That Defendants acting through its agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

a) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

b) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

c) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its agents;

d) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that citizens were safe and protected from harassment, abuse, and threatening behavior by their agents;

e) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

f) In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g) In failing to exercise reasonable or slight care to take the appropriate time to follow-up, review, and/or check compliance with policy, state law, and/or existing orders;

h) In failing to exercise reasonable or slight care to properly supervise Defendants Mike Pacileo and Kayla Wallace;

i) In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of their agents when it had notice of their agent's propensities towards inappropriate and/or abusive behavior;

j) In conducting themselves egregiously and arbitrarily;

k) In threatening, assaulting, harassing, and/or abusing Plaintiff;

l) In breaching their fiduciary duty of trust with regard to Plaintiff;

m) In failing to follow and adhere to the local state and national standards, policies, and procedures including the policies and procedures of the North Myrtle Beach Police Department;

n)  In failing to follow and adhere to the policies and procedures of the North Myrtle Beach Police Department regarding, the use of force, service weapons, search and seizures, traffic stops, probable cause, common decency, and interactions with citizens;

o)  In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the North Myrtle Beach Police Department officers;

p)  In failing to sufficiently monitor and supervise employees of the North Myrtle Beach Police Department;

q)  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

r)  In negligently permitting officers to harass, unconstitutionally stop, search, arrest, and detain minorities and citizens, including Plaintiff;

s)  In failing to adopt, implement, enforce, and/or follow policies and/or procedures for reasonable interaction with citizens;

t)  In failing to adopt, implement, enforce, train officers on, or follow the requirements of § 56-5-6560;

u)  In failing to exercise even slight care to protect Plaintiff from harm; and

v)  In any other manner that Plaintiff may become aware of through discovery and/or trial.

36.    All of which were the direct and proximate cause of the damages suffered by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

37.    That as a direct and proximate result of Defendant's negligence, gross negligence, carelessness, and/or recklessness, Plaintiff was harmed and sustained severe and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

38.     That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.

39.     That Plaintiff is informed and believes that she is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for their injuries and damages.

## FOR A SECOND CAUSE OF ACTION
## AS TO THE DEFENDANT CITY OF NORTH MYRTLE BEACH
**Negligent Supervision/ Negligent Hiring/Negligent Training/Negligent Retention**

40.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

41.     That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

42.     That Plaintiff is informed and believes that Defendant through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of its employees are further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

    a)  In failing to exercise the degree of care that a reasonable employer would have exercised under the same or similar circumstances;

    b)  In failing to conduct a proper and adequate background search or review of its employees before and after hiring;

    c)  In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commissions of

negligent, outrageous, willful, wanton, reckless, grossly negligent, and/or unlawful acts;

d)  In failing to properly supervise its employees;

e)  In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

f)  In failing to have in place adequate policies and procedures to mandate compliance by its employees with state guidelines, statutes, laws, and regulations regarding seclusion and restraint, and if such policies and procedures were in place, in failing to enforce them;

g)  In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

43.     That all of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

44.     That Plaintiff's injuries were of such nature as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

45.     That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

46.     That Plaintiff is informed and believes that she is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate her for their injuries and damages.

**FOR A THIRD CAUSE OF ACTION**
**AS TO THE DEFENDANT CITY OF NORTH MYRTLE BEACH**
**State Law False Imprisonment**

47.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully

14

set forth herein at length.

48.     That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

49.     That the City of North Myrtle Beach has a police department and that officers and/or agents of the North Myrtle Police Department did handcuff, detain, and arrest Plaintiff without probable cause.

50.     That on or about May 3, 2024, Plaintiff was arrested by officers and/or employees for the City of North Myrtle and/or City of North Myrtle Beach Police Department.

51.     That Defendants used unlaw and excessive force, words, and acts that restrained Plaintiff which included using law enforcement vehicles to box her in and drawing their firearms on Plaintiff, and intentionally, arbitrarily, and unlawfully restrained Plaintiff without probable cause to do so.

52.     That the wrongful arrest of Plaintiff resulted in her being unlawfully restrained and traumatized.

53.     That Plaintiff brings this cause of action against Defendants for its wrongful acts.

54.     That Defendants City of North Myrtle Beach, through its officers, agents, and/or employees, was negligent, reckless, willful, and wanton, in one or more of the following particulars:

    a) In arresting the Plaintiff without probable cause;

b) In falsely arresting Plaintiff;

c) In arresting the Plaintiff without evidence;

d) In arresting Plaintiff improperly and in violation of Plaintiff's constitutional rights;

e) In violating established precedent and in arresting Plaintiff without probable cause;

f) In failing to take the degree of skill and care that a reasonable and/or prudent person would have done under the same or similar circumstances;

g) In arresting Plaintiff without proof;

h) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

55.    That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered injuries and damages as further described herein.

56.    That as a direct and proximate result of Defendants' negligent and/or reckless acts; Plaintiff suffered severe emotional distress/mental anguish that no reasonable person should expect to endure.

57.    That Plaintiff's emotional distress/mental anguish was of such nature as to require them to expend monies, to receive additional medical attention, and to require medical necessities.

58.    That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

59.    That Plaintiff is informed and believes that she is entitled to ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES in an amount that would adequately compensate her for her severe emotional distress/mental anguish, injuries, and damages.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANTS MIKE PACIELO AND KAYLA WALLACE**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Violation of Due Process - Fourteenth Amendment**

60.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

61.    That during the period in question, Defendants Mike Pacileo and Kayla Wallace were acting under the color or pretense of State law, customs, practices, usage, or policy as sworn officers with the North Myrtle Beach Department of Public Safety and had certain duties imposed upon them with regard to Plaintiff.

62.    That during the period in question, Defendants Mike Pacileo and Kayla Wallace were well aware of Plaintiff's constitutional rights, including her right to due process, the possession and control of her own person, and to be free from any violations of her liberty interest, and her right to be free from unjustified intrusions on personal security protected by the Fourteenth Amendment.

63.    Courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. Ingraham v. Wright, 430 U.S. 651, 673 (1977). The above set forth facts show that Defendant Officers Mike Pacileo and Kayla Wallace used excessive force and detained Plaintiff without justification, while dressed in their City of North Myrtle Beach Department of Public Safety issued badges and uniforms, and City of North Myrtle Beach Department of Public Safety issued and service weapons and department vehicles.   As such, Defendants Officers Mike Pacileo and Kayla Wallace imposed themselves in such a way, as sworn officers of the law, that

Plaintiff felt intimidated, fearful for her life, shocked, scared, and not at liberty to control her person and move as she felt fit, and without a choice but to comply with their demands or risk severe punishment.

64.    That Defendant Officers Mike Pacileo and Kayla Wallace's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff's resulting injuries and harms.

65.    As a direct and proximate cause of Defendant Officers Mike Pacileo and Kayla Wallace's conduct, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to constitutional violations, psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A FIFTH CAUSE OF ACTION**
**AS TO DEFENDANT DEPUTY CHRISTOPHER BROOKS**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Unreasonable Seizure and Excessive Force - Fourth Amendment**

66.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

67.    That during the time period in question, Defendant Officers Mike Pacileo and Kayla Wallace were acting under the color or pretense of State law, customs, practices, usage, or policy as a sworn deputy with the North Myrtle Beach Department of Public Safety and had certain duties imposed upon them with regard to Plaintiff.

68.     That during the time period in question, Defendants Officers Mike Pacileo and Kayla Wallace were well aware of Plaintiff's constitutional rights, including her constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures and use of excessive force.

69.     Courts have consistently recognized the right "to remain free from unreasonable seizures and use of excessive force " at the hands of the state to be one of the "rights" protected by the United States Constitution. The above set forth facts show that Defendants Officers Mike Pacileo and Kayla Wallace unconstitutionally used excessive force by drawing service firearms on Plaintiff and detaining her without justification, while dressed in their City of North Myrtle Beach Department of Public Safety issued badge and uniform, and City of North Myrtle Beach Department of Public Safety issued and service weapons.   As such, Defendants Officers Mike Pacileo and Kayla Wallace imposed themselves in such a way, as sworn officers of the law, that Plaintiff felt intimidated, seized, subject to brutal force by either gun, taser, or both, fearful for her life, shocked, scared, and not at liberty to control her person and move as she felt fit, and without a choice but to comply with their demands or risk severe punishment.

70.     That Defendants Officers Mike Pacileo and Kayla Wallace's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff's resulting injuries and harms.

71.     As a direct and proximate cause of Defendants Mike Pacileo and Kayla Wallace's conduct, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South

Carolina and the United States; has been subject to unconstitutionally excessive force and unconstitutional arrest, psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

### FOR A SIXTH CAUSE OF ACTION
### AS TO DEFENDANT DANA CROWELL
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 – Supervisory Liability**

72.     That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

73.     That during the time period in question, Defendant Dana Crowell was the duly appointed Chief of Police for the City of North Myrtle Beach Police Department. As such, she was the leader and commanding officer of Defendants Mike Pacileo and Kayla Wallace and ultimately responsible for Defendants Mike Pacileo and Kayla Wallace's conduct, and all of her subordinates, hiring, training, supervision, retention, and conduct.

74.     That during the time period in question, Defendant Dana Crowell was the duly appointed Chief of Police for the City of North Myrtle Beach Police Department and was acting under the color or pretense of State law, customs, practices, usage, or policy as the director and supervisor/commanding officer of Defendants Officers Mike Pacileo and Kayla Wallace on behalf City of North Myrtle Beach and/or City of North Myrtle Beach Police Department and had certain duties imposed upon them with regard to

20

Plaintiff.

75.     That during the time period in question, Defendant Dana Crowell was well aware of Plaintiff's constitutional rights, including her constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable seizures and use of excessive force, and her constitutional right under the Fourteenth Amendment to the United States Constitution to the possession and control of her own person and right to be free from any violations of her liberty interest protected by the Fourteenth Amendment to the United States Constitution.

76.     That Defendant Dana Crowell in her role as the duly appointed Chief for the City of North Myrtle Beach was the policymaker for the City of North Myrtle Beach Police Department, and when enacting and implementing such policies, was acting with the express authority of City of North Myrtle Beach and/or City of North Myrtle Beach Police Department.

77.     That upon information and belief, Defendant Dana Crowell possessed actual and/or constructive knowledge that Defendants Mike Pacileo and Kayla Wallace posed harm to citizens they were sworn to protect, including Plaintiff.

78.     Defendant Dana Crowell, as Defendants Mike Pacileo and Kayla Wallace's supervising and commanding officer, possessed the power to prevent the actions of Defendants Mike Pacileo and Kayla Wallace.  However, despite her ability failed to act permitted Defendants Mike Pacileo and Kayla Wallace's actions by consciously and intentionally failing to act or intervene.

79.     That all of the above-referenced failures are the responsibility of Defendant Dana Crowell, who was deliberately indifferent to her responsibility to train

and supervise the City of North Myrtle Beach officers, including Defendants Mike Pacileo and Kayla Wallace, and was allowed to interact with the public and more specifically, Plaintiff.

80.    As a direct and proximate result of the above-mentioned unconstitutional action of Defendant Dana Crowell, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

## **RELIEF REQUESTED**

81.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

82.    **WHEREFORE,** Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

a.  Actual damages on all causes of action;

b.  Incidental damages on all causes of action;

c.  Consequential damages on all causes of action;

d.  Punitive damages on the THIRD, FOURTH, FIFTH, and SIXTH causes of actions;

e. For reasonable attorney's fees and the costs and expenses of this action pursuant to 28 U.S.C. § 1988; and

f. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1430 Richland Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com

Columbia, South Carolina